IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA
AT ELKINS

REBECCA MAYHEW,

Plaintiff,

vs.

Civil Action No. 2:01CV14-M
Judge Robert E. Maxwell

ARAMARK CORRECTIONAL SERVICES, INC.; WEST VIRGINIA DEPARTMENT OF MILITARY AFFAIRS AND PUBLIC SAFETY, DIVISION OF CORRECTIONS; HUTTONSVILLE CORRECTIONAL CENTER, and WILLIAM S. HAINES, an individual and in his official capacity,

Defendants.

OPINION AND ORDER

Came Defendants West Virginia Department of Military Affairs and Public Safety, Division of Corrections, Huttonsville Correctional Center and William S. Haines and Defendant Aramark Correctional Services, Inc., pursuant to Rule 56 of the Federal Rules of Civil Procedure, and filed with this Court their Motions for Summary Judgment on July 1, 2005 (Docket Nos. 71 and 73). On May 30, 2006, Plaintiff filed her Responses to the respective Motions for Summary Judgment (Docket Nos. 104 and 106). The Defendants filed Replies thereto on June 6, 2006 (Docket No. 108) and June 8, 2006 (Docket No. 109). The Court then held a hearing on the Motions on August 28, 2006.

As a preliminary matter, by Orders entered March 20, 2003 (Docket No. 47) and July 16, 2003 (Docket No. 53), this Court granted in part and denied in part Defendants West

Virginia Department of Military Affair and Public Safety, Division of Corrections, Huttonsville Correctional Center and Williams S. Haines' Amended Partial Motion to Dismiss (Docket No. 43). By those same Orders, this Court dismissed the 42 U.S.C. § 1983 claims against Defendants West Virginia Department of Military Affair and Public Safety, Division of Corrections, Huttonsville Correctional Center and Williams S. Haines, in his official capacity. This Court also dismissed the Title VII claims made against Defendant Haines in his individual capacity.

Therefore, the only claims pending before this Court are the claims against Defendant Aramark Correctional Services, Inc., the Title VII claims against Defendants West Virginia Department of Military Affair and Public Safety, Division of Corrections, Huttonsville Correctional Center and Williams S. Haines, in his official capacity, and the 42 U.S.C. § 1983 claim against Defendant William S. Haines in his individual capacity. The Defendants' Motions for Summary Judgment on these remaining issues have been fully briefed and are ripe for consideration by the Court.

A moving party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. F.R.Civ.P. 56(c). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986). In considering a motion for summary

judgment, the court is required to view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. Id., at 255. The party seeking summary judgment has the initial burden to show absence of a genuine issue of material fact and the absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once this burden is met, the opposing party must demonstrate that a triable issue of fact exists. Anderson, 477 U.S. at 248. The opposing party may not rest upon the mere allegations or denials of the adverse party's pleading, but must set forth specific facts showing that there is a genuine issue of fact for trial. Id. See also, Fed.R.Civ.P. 56(e). A mere scintilla of evidence supporting the case is insufficient. Anderson, 477 U.S. at 252.

In viewing the entire record in this matter, the Court, viewing all the facts in the light most favorable to the Plaintiff, makes the following findings of fact and conclusions of law:

**Findings of Fact**

1. Plaintiff began working for Aramark Correctional Services, Inc. on January 13, 2000. Plaintiff was employed as a Food Service Supervisor and performed her services for Aramark at Huttonsville Correctional Center. On December 26, 2000, the Plaintiff was arrested on charges that she smuggled contraband marijuana into the Correctional Center. As a result of her arrest, Plaintiff lost her security clearance and could no longer be permitted to work at the Correctional Center.

2. Aramark offered the Plaintiff a job elsewhere with the company, but Plaintiff could not accept because she could not relocate due to the pending criminal charges against her. Aramark terminated Plaintiff's employment in January 2001.

3. Viewing the matter in the light most favorable to the Plaintiff, the Plaintiff alleges that several Correctional employees called her "bitch," "whore," "slut," and accused her of having sex with inmates. On two instances, the words "whore" and "nigger lover" were written on her time cards at the Huttonsville Correctional Center.

4. Plaintiff further alleges that two Aramark employees, directing the comment toward her, said, "there goes that whore with the nigger."

5. Plaintiff testified that Correctional Center employee Nykea Gum didn't like Plaintiff for personal reasons. Specifically, the Plaintiff in her deposition stated, "she doesn't like me for the fact that my husband's with me, not her sister. That was the reason behind all of this. . . . In observing Lena at the prison, I noticed who she was friends with, who she talked with a lot, and it's just like the chain started, it started with these two women initially, and it's hard to tell what all they have told on me, which I know they have." (Pl. Depo., at p.186).

## Conclusions of Law

1. To state a claim for hostile work environment under Title VII, a Plaintiff must show that: "(1) the subject conduct was unwelcome; (2) it was based on the sex or race of the plaintiff; (3) it was sufficiently pervasive to alter the plaintiff's work conditions; and (4)

it was imputable on some factual basis to the employer." Causey v. Blalog, 162 F.3d 795, 801 (4th Cir. 1988). To establish a cause of action under the West Virginia Human Rights Act, West Virginia Code § 5-11-1, et seq., essentially the same four factors must be proven. See, Syl. Pt. 5, Hanlon v. Chambers, 464 S.E.2d 741 (W.Va. 1995).

2. While attempting to show that any harassment was based on sex, the plaintiff must demonstrate that the harassing conduct "was not merely tinged with offensive sexual connotations, but actually constituted 'discrimina[tion] – because of – sex.'" Oncale v. Sundowner Offshore Services, Inc., 523 U.S. 75, 81 (1998). (Citations omitted in original). "Not all sexual harassment that is directed at an individual because of his or her sex is actionable. Title VII does not attempt 'to purge the workplace of vulgarity.'" Hopkins v. Baltimore Gas and Elec. Co., 77 F3d 745, 753 (4th Cir. 1996), quoting, Baskerville v. Culligan Intl Co., 50 F.3d 428, 430 (7th Cir. 1995). The United States District Court for the Eastern District of Virginia has recognized three (3) general evidentiary routes by which a plaintiff can show that alleged discriminatory conduct was because of gender, and sets those forth as being: (1) "the plaintiff may show that the alleged harasser's behavior constituted an earnest sexual solicitation;" (2) "the plaintiff may demonstrate that the harasser displayed a general hostility to [gender] in the workplace;" and (3) "under certain circumstances a plaintiff may offer direct comparative evidence about the harasser's treatment of men and women." English v. Pohanka of Chantilly, Inc., 190 F.Supp. 2d 833, 843 (E.D. Va. 2002).

3. To state a claim for retaliatory discharge pursuant to Title VII, the plaintiff

must prove that she engaged in protected activity, such as filing an EEOC complaint; that the employer took adverse employment action against the plaintiff; and that a casual connection existed between the protected activity and the adverse action. Causey v. Balog, 162 F.3d 795, 803 (4th Cir. 1998). "The employer may rebut plaintiff's *prima facia* case by articulating non-retaliatory reasons for its actions." Carter v. Ball, 33 F.3d 450, 460 (4th Cir. 1994). The burden then shifts back to plaintiff to prove the pretextual nature of those reasons. Carter, 33 F.3d at 460.

4. In order to establish a claim of retaliatory discharge under the West Virginia Human Rights Act, the plaintiff must prove that she engaged in protected activity; that her employer was aware of the protected activity; that she was subsequently discharged; and (absent other evidence tending to establish a retaliatory motivation) the discharge followed her protected activities within such a time period that the Court can infer retaliatory motivation. Frank's Show Store v. West Virginia Human Rights Commission, 365 S.E.2d 251, 259 (W.Va. 1986). An employer can rebut the Plaintiff's claim of retaliatory discharge by setting forth a legitimate, non-pretextual, non-retaliatory reason for the discharge. Skaggs v. Elk Run Coal Co., Inc., 479 S.E.2d 561, 581-82 (W.Va. 1996).

5. Finally, in Beardsley v. Webb, 30 F.3d 524 (4th Cir. 1994), the Fourth Circuit has held that, "Courts may apply the standards developed in Title VII litigation to similar litigation under §1983." Id., 30 F.3d at 529. (Citations omitted).

6. In viewing the facts in the light most favorable to the Plaintiff in the instant

matter before the Court, the Court FINDS that the Plaintiff has not set forth sufficient factual evidence that any alleged harassment directed at her was motivated based on gender. Plaintiff's mere allegations of such is not sufficient to survive summary judgment as there are no specific facts set forth that show a genuine issue of fact that, if proven, would establish that the alleged harassment was based on gender. Plaintiff herself, in her deposition, stated that the reason behind all of this was a female co-worker not liking her. Personal conflicts simply do not constitute sexual harassment. Further, the Plaintiff has not set forth any evidence that she was harassed based upon her race. Accordingly, with regard to the Plaintiff's claims of sexual harassment, based upon Title VII, 42 U.S.C. § 1983, and the West Virginia Human Rights Act, the Court FINDS that there is no genuine issue as to a material fact and that the moving parties are entitled to judgment as a matter of law.

7. Further, the Court FINDS, viewing the facts in the light most favorable to the Plaintiff, that Plaintiff cannot prove a case for retaliatory discharge. Primarily, the Plaintiff has failed to set forth sufficient facts to establish that a casual connection existed between any protected activity and the adverse employment action. Further, the undisputed facts establish that the Plaintiff was arrested on allegations that she smuggled contraband into the prison, and that said arrest caused her to lose her security clearance. Plaintiff later pled guilty to these charges. Under this set of undisputed facts, Defendant Aramark clearly had a legitimate, non-pretextual, non-retaliatory reason for the discharge, and in fact, had no choice but to discharge the Plaintiff. Accordingly, with regard to the Plaintiff's claims of retaliatory

discharge, pursuant to Title VII, 42 U.S.C. § 1983, and the West Virginia Human Rights Act, the Court FINDS that there is no genuine issue as to material fact and that the moving parties are entitled to judgment as a matter of law.

8. As the Court has found that Plaintiff cannot establish Title VII claims with regard to any Defendant, it is not necessary for the Court to address whether Title VII would apply to Defendants West Virginia Department of Military Affairs, Huttonsville Correctional Center and William S. Haines, in his official capacity as the Warden.

Based upon the abovementioned findings, it is ORDERED that Defendant Aramark's Motion for Summary Judgment (Docket No. 71) is GRANTED. It also is ORDERED that Defendants West Virginia Department of Military Affairs and Public Safety, Division of Corrections, Huttonsville Correctional Center and William S. Haines' Motion for Summary Judgment (Docket No. 73) is GRANTED. Accordingly, all Defendants are dismissed from this matter and the case is DISMISSED and retired from the docket of this Court. The Clerk of Court is directed to enter judgment in favor of each and all of the Defendants. The Clerk of Court is also hereby directed to send a certified copy of this Order to all counsel of record.

ENTER: October 17, 2006

Robert E. Maxwell
United States District Judge



{C1133233.1}

Prepared and Submitted By:

Tamara J. DeFazio
W.Va. State Bar Id. No. 5013
J. Robert Russell
W.Va. State Bar Id. No. 7788
PULLIN FOWLER & FLANAGAN, PLLC
2414 Cranberry Square
Morgantown, WV 26508
Telephone: (304) 225-2200
Email: rrussell@pffwv.com
**Counsel for Defendants West Virginia Department Of Military Affairs And Public Safety, Division Of Corrections, Huttonsville Correctional Center and William S. Haines**

Erin Elizabeth Magee
W.Va. State Bar Id. No. 6078
W. Scott Evans
W.Va. State Bar Id. No. 5850
JACKSON KELLY PLLC
P.O. Box 553
Charleston, WV 25322
Telephone: (304) 340-1000
**Counsel for Defendant Aramark Correctional Services, Inc.**